lishing as a matter of law that the Bank was not entitled to place an administrative hold on the Merchant Account *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065).

The court properly granted the Bank leave to serve a late reply *(see, Continental Cas. Co. v Cozzolino Constr. Corp.,* 120 AD2d 779).

We modify the order on appeal, therefore, by vacating the first and second ordering paragraphs, dismissing the amended complaint without prejudice, and denying defendants' motion for partial summary judgment on the first counterclaim. (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.

■ NKUMA UCHE, Appellant, v GARY STEVENS et al., Respondents. [610 NYS2d 917] —Order unanimously affirmed without costs for reasons stated at Supreme Court, Galloway, J. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Dismiss Complaint.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.

■ DIAMOND D. CONSTRUCTION CORP., Appellant, v COUNTY OF ERIE et al., Respondents. (Appeal No. 1.) [612 NYS2d 989] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Sedita, J. (Appeal from Judgment of Supreme Court, Erie County, Sedita, J.—Article 78.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.

■ DIAMOND D. CONSTRUCTION CORP., Appellant, v COUNTY OF ERIE et al., Respondents. (Appeal No. 2.) [612 NYS2d 989] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Sedita, J. (Appeal from Order of Supreme Court, Erie County, Sedita, J.—Discovery.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GOLDTHWAIT, Appellant. [610 NYS2d 118] —Judgment unanimously affirmed. Memorandum: On appeal from his conviction of second degree burglary and petit larceny, defendant contends that the verdict is against the weight of the evidence. Contrary to defendant's argument, the footprint evidence was not critical to the People's case, but merely buttressed an otherwise strong identification. The victim's neighbor had ample opportunity to identify defendant because